UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:20-CR-56-HAB<br>1:24-CV-553 |
| NICHOLAS A. WALBERRY | |

## OPINION AND ORDER

Pending before the Court is the Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 54] and his "Additional Motion to Vacate under 28 U.S.C. § 2255" [ECF No. 55]. Upon this Court's initial review of the Motion, as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court will dismiss the Motions as untimely.

## ANALYSIS

A court must give a § 2255 motion prompt initial review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4 of Rules Governing Section 2255 Cases.

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation omitted). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

A one-year limitations period applies to a section 2255 motion. 28 U.S.C. § 2255(f). The one-year period runs from the latest of four dates: the date when the judgment of conviction became final; the date on which an unconstitutional government-imposed impediment to filing a motion was removed; the date the right asserted was initially recognized by the Supreme Court; or the date on which the facts supporting the claims could have been discovered with due diligence. *Id.* § 2255(f)(1)-(4). In Defendant's case, the most logical of these dates that might apply is the first. Under that provision, a defendant seeking collateral review under § 2255 will have one year from the date on which his judgment of conviction is final to file his petition, *id.* § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005).

The Defendant pleaded guilty to possession of methamphetamine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. On October 6, 2021, this Court sentenced him to 120 months imprisonment followed by 5 years of supervised release. A judgment was entered on the same date and Defendant did not file an appeal within 14 days of the judgment. The Motion now before this Court was not filed until December 19, 2024, well past the one-year period of limitations applicable here. Thus, his petition is untimely under §2255(f)(1).

In his petitions, Defendant, alleges that a "new law" was passed that is retroactive and is the basis for his relief. Presumably, Defendant is attempting to invoke § 2255(f)(3) which allows for a petition to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). But petitioner does not tell the Court what this new law is or how its application would warrant any relief in his situation. And the passing of a new law alone would not support tolling the statute of limitations under § 2255(f)(3) unless the law has been made retroactively applicable to cases on

2

collateral review. Further, without knowing the law Petitioner is invoking, the Court is left to speculate as to the source of relief Petitioner seeks. The Court is unaware of any retroactive change in the law that would alter the outcome of Defendant's case. But even so, without Petitioner identifying what "new law" he is referencing the Court cannot determine if and when that law was made retroactive for statute of limitations purposes. Defendant's motion is therefore untimely under § 2255(f)(3) and his petition must be dismissed.

## CERTIFCATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

No reasonable jurist could conclude that the Defendant's Motion is timely. As discussed above, the Defendant is beyond the one-year limitations period in 28 U.S.C. § 2255(f). The Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DISMISSES the Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 54] and his "Additional Motion to Vacate under 28 U.S.C. § 2255" [ECF No. 55] and DECLINES to issue a certificate of appealability.

SO ORDERED on January 6, 2025.

                                         s/ *Holly A. Brady*
                                         JUDGE HOLLY A. BRADY
                                         UNITED STATES DISTRICT COURT